All rise. The Illinois Appellate Court is in business now in session. The Honorable Justice Raymond W. Mitchell is presiding. Thank you. Good morning, folks. Please be seated. Our clerk will call the first case. 1-24-1643, People v. Robert Zanio Okay. Good morning to counsel. We've reviewed the briefing and the record of the case. You can take that and look it out with your presentations this morning. We're allocating 20 minutes aside with 5 minutes allotted, an extra 5 minutes for the appellant in rebuttal. So with that, we'll get started. Good morning, and may it please the Court. I'm Stephanie Glassberg, and I represent the appellant, Mr. Robert Zanio, who is here with us today. Mr. Zanio was charged with battery for coming into contact with a student in his class. However, at the end of a bench trial, the trial court acquitted him of battery, and then Sua Sponte found him guilty of the uncharged offense of disorderly conduct. The trial court's findings were erroneous for two reasons. First, disorderly conduct is not the lesser-included offense of battery. And second, even if disorderly conduct were the lesser-included offense of battery, the State failed to prove all of the elements of disorderly conduct beyond a reasonable doubt. Let me stop you for just a second. Because the test, as you quoted and the Supreme Court expressed it in Clark, is that to be convicted of an uncharged offense, which is what happened here, right? We all agree that's what happened here. The offense must be a lesser-included offense, which you're about to talk about. And the evidence must rationally support a conviction on the lesser offense and an acquittal on the greater offense. So in that case, that would be an acquittal on the battery. The court denied direct verdicts, your motion for a direct verdict on the battery. And I am sort of at a loss to see why or how this evidence supported an acquittal on the battery. Particularly if it supported a conviction on the disorderly, but even in itself. So can you tell me, did it support an acquittal on the battery? The trial court ultimately found that... I know it's really hard for you guys to say that your clients, particularly when you're here, were guilty, particularly of a more serious offense. But let's look at the evidence here. If you believe the witness, the only witness, sounds like a battery to me. So the trial court ultimately found that he was acquitted of battery. And the issue before the court today is whether disorderly conduct is the lesser included of battery. But before you even get to that, the evidence has to support an acquittal on the battery. And I don't see how it does. Again, if I'm right, your client wins. Follow me here. If I'm right, your client wins. Where is the acquittal on the battery? The trial court ultimately found that the conduct did not rise to battery. But the evidence on the disorderly is identical to the evidence on the battery. There's no difference. So what would be the basis in the record for acquitting on battery, but convicting on disorderly? So the trial court ultimately found that the conduct, Mr. Zinio's conduct, did not rise to battery. And so then the trial court, sua sponte, found him. We have a whole bunch of cases, including only Supreme Court cases, that say when we're talking about lesser included, right, the evidence in the case has to support an acquittal on the more serious charge, right? Correct. And if that is absent, then that's kind of the end of the analysis. Well, there's an additional element in disorderly conduct, which is a breach of the peace, that was not met. I'm sorry. Okay, and we agree with you that it wasn't met. The other elements that I think even you agree were met are the same elements that are in a battery. So I'm not going to argue with you. I'm just confused, and I'm confused. I'm confused. Understandable. So the elements of a battery are a person commits a battery if she knowingly, without legal justification by any means, makes physical contact of an insulting or provoking nature with an individual. That differs from disorderly conduct, where disorderly conduct is any act. So I want to try to get back to this question, because I understand that you're arguing the points in your brief. But what my colleagues have asked you is about the fundamental construct of due process, which is that you're entitled to notice of what you've been charged with, right? And here the defendant was convicted of an offense for which he was not charged. There is an exception to that rule. And that exception provides that if the uncharged offense, quote, is a lesser-included offense of the crime expressly charged in the charging instrument, and emphasize and, the evidence adduced at trial rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense. And what my colleagues have asked me is, there's no dispute here that your client was guilty of a battery, even though the judge found it not guilty. The evidence was overwhelming. It was unrebutted, right? And so are we to simply ignore the unrebutted evidence in the trial record of your client's guilt simply based on the fact that the judge found him not guilty? I understand this is an odd situation that we would never find ourselves in, because, of course, the state can't appeal a not guilty, so we'd never be undertaking this analysis. But this record here shows that there's one witness. The judge found the witness credible, heroic, in fact. And so if this exception is limited, as our court has said, why do we even need to get to the second issue in your brief? So, again, I am also confused, because the trial court found him not guilty of battery. Whatever evidence was considered, the trial court obviously considered all of the evidence and ultimately acquitted Mr. Zanio of battery. And then Sue Esponte found him guilty of an uncharged battery. So are you suggesting we're bound by that factual finding, even if it's against the manifest weight of the evidence? It is my understanding that the state cannot appeal an acquittal and is not attempting to today. I understand. So I would argue... You're in the unusual situation where we're suggesting to you maybe you're appealing the acquittal, because the acquittal makes no sense to us on this record. And if it was wrong, then he had no... This conviction on this lesser-included offense cannot stand. No conviction can stand. What the court did, if we're right, if what we're suggesting is right, what the court did was a violation of due process. Can't do that. Can't say, oh, I like the way the state charged this case. I'm going to charge it differently, and I'm going to find him guilty of something that seems to me more appropriate, even though the state put on the evidence that supported the charge they actually brought. Can't do that, trial judge. Correct. Right? You agree with that? Yes, correct. Yes, we agree that the trial court cannot do that. Are you suggesting that there's some basis in the record upon which a trial judge could have rationally acquitted your client of battery? There must have been, because the trial court found... Trial judges are all the rage. We don't have a job. We don't know how. There must have been, because that was the ultimate finding. What is it, though? I mean, the judge said that the victim was credible, heroic. He denied the motion for a direct defendant. Correct. So what is it? So what's... I was not the trial judge, and I did not consider all of the evidence in the case. And the trial judge ultimately acquitted Mr. Zanio of battery. I cannot speculate or opine as to how or why, but we have to understand that the trial judge considered all of the evidence and found that the conduct did not rise to the level of battery, and they stated so in their findings. And that is something that the state cannot appeal in this case and did not argue in their briefs. And I would argue that this court does need to abide by the trial court's finding in that argument and consider what is before the court today, which is whether disorderly conduct is the lesser included of battery. So this other language, you just read that out. You're not at all concerned. What other language? This language that the evidence deduced at trial rashly supports a conviction on the lesser included offense and an acquittal on the greater offense. So in the absence of that, so that's a limitation on the trial judge, right? We know there are cases where a trial judge can't find someone guilty of a lesser included offense, but only if the evidence at trial was such that it justified an acquittal on the more serious charge. In the absence of that limitation, trial judges essentially are taking on the charging power, which is the separation of powers violation, right? So the charging authority belongs exclusively to the executive branch, to the state, and it's only that very narrow exception that allows the trial judge to find someone guilty on the lesser included. Yes, if the lesser included is all the elements are included in the greater offense, which in this case they weren't. We have the additional breach of the peace, which was not included in the greater offense. She clearly wants to discuss that. Go ahead. But all of the elements. Why is the breach of the peace element not met by the charging authority? Yes, so the breach of the peace element under Illinois law, a breach of the peace would have to be an effect on a surrounding crowd or to an individual. The state is not contesting that there was an effect on a surrounding crowd. The 20 other students in the classroom did not see or hear anything that occurred, and it was not mentioned in the charging instrument, a third party or that it happened in a classroom. It's exclusive about this one person. Correct. So a threat to an individual under Illinois law would have to be behavior or conduct that was persistent, harassing, threatening, and continuous. Where did that requirement come from? So we understand that there's not a specific and distinct definition of disorderly conduct and then in turn a breach of the peace. However, you can look at any of the cases cited by the defense, myself, or the state, and they all represent that for someone's individual peace to be breached, that conduct had to be persistent, harassing, continuous, or threatening. I can go through a few cases if that would be helpful to your honors. So if we focus on, you focus on the word threat. Yes. Where's the threat here? According to the underwriter testimony, there was an action. There's no threat of an action. It was an action. So. An action of honor. Correct. So what a threat to an individual would be, would be persistent and harassing behavior. So for instance, we have in People v. Singer. But there's no evidence of that here. I'm sorry? Is there any evidence of that here? No. Of persistent and harassing behavior. No, it was a single momentary action, right? AC testified herself it was a two to three second interaction. And that. As far as the script reveals, it just came out of nowhere. Correct. Right. Exactly. So there is no behavior that was continuous. There was no behavior like some of the cases described where there was a known relationship prior or known actions prior or actions after. All of the cases that were cited by myself in the state illustrate that, again, to be a threat to your individual peace, it would have to be conduct that was consistent, continuous, persistent. And then all of that conduct needed to be harassing or threatening. And that simply did not occur in this case. It was not in the charging instrument. So there was no information in the charging instrument that would lead one to infer that the conduct was, again, persistent, continuous, or harassing. And there was also no evidence presented at trial that the conduct was persistent, continuous, or harassing. So we cannot infer. Well, it doesn't have to be continuous and harassing because that's what constitutes a threat if it keeps going on and on and on. Are you familiar with in re D.W.? Yes, I am. And that was one action, I think, but it was a threat. Yes. Yes. So let me clarify that. It can be a direct threat, and a direct threat can be singular. Okay. So some of these cases do have a direct threat like in re D.W. where it's a singular direct threat, and that can be a threat to a person. If it's not a direct threat, if it's an implied threat or otherwise, that does need to be, or verbal, it needs to be continuous, persistent, and harassing. Conduct. Conduct, yes. Yes, like sending multiple explicit text messages like in People v. Singer or in People v. Davis where someone shows up at someone's house, waving their fingers at them in papers and making implied threats based on a previous tumultuous relationship. Because none of that is present in the charging document or presented at trial, the charging instrument approach fails on Step 1, which this is a conditional two-step approach. So if it fails us to Step 1, we don't even make it to Step 2, whether the lesser inference can be reasonably inferred on the charging document, which it can't. But even if this court were to find that it could be reasonably inferred, Step 2, whether the evidence presented rationally supports conviction for disorderly conduct, we don't have evidence that there was a personal threat under Illinois law for breach of the peace. I mean, isn't the analysis pretty much the same because what was proved at trial was pretty much exactly what was in the charging document? Correct. I mean, right, there was some additional information, obviously, but yes. Nothing that helps support a breach of the peace charge. No, correct. And so because the charging instrument fails us to Step 1, you don't have to make it to Step 2, but it also fails us to Step 2. And then Step 2 also kind of encompasses the sufficiency argument that we make as well, which is that the evidence doesn't support beyond a reasonable doubt that Mr. Zanio breached AC's individual peace. Were there any questions remaining from the court? Yeah. So if you just focus on the words breach of the peace, and we're assuming that it doesn't have to be breach of the community peace. It could be breach of the individual's peace. That's pretty broad language. I would think that, you know, most of us, if we are violated in the way that the victim testified she was, that her peace would have been breached, right? She was going along about her normal activities at school, and she's violated in a way that must have been very upsetting to her, to her family, right? Family wasn't there, but obviously they were involved. And it's probably not something that, you know, she's going to be able to put behind her very quickly. And so, I mean, why is that not a breach of the peace? Yeah, so first, I want to make clear that we're not attempting to trivialize or minimize that the conduct made AC feel uncomfortable. Of course, she testified to that, and we're not trying to trivialize or minimize any of that conduct. But the issue is that a breach of an individual peace has to go beyond one momentary interaction. And we know that because of the slew of Illinois case law that supports that definition. And it simply is just not a breach of the peace to have a momentary interaction with someone. And I understand that that interaction can be traumatizing and make that person feel uncomfortable. I'm not trying to minimize that. But under the Illinois case law and what they have built over time to define or better define a very broad criminal statute, is that the conduct has to be ongoing and threatening. Now, like battery would better support, of course, like a momentary interaction as what occurred. So it's a square peg in a round hole, you're saying? Yes, it just doesn't fit. The additional element does not fit. Are there any other questions remaining from the court? Obviously, we don't get to restitution if we reverse the conviction. But do you want to speak at all about the restitution issue? Sure, I can. So the restitution was just like the conviction was sua sponte ordered by the trial court. This was without any evidence. The state never asked for restitution. The defense never agreed to restitution. The court sua sponte ordered it, which was not supported by evidence, which was required by statute. And I know that the state argued that this was invited error. Well, first they conceded that this should be reviewed under second prompt plain error under verge. But they said that the purpose, this was invited error. Of course, the purpose of invited error does not apply here because the invited error doctrine is to prevent a party from affirmatively asking for the trial court to proceed in a particular manner. And then arguing on appeal that the suggested course of action was erroneous, basically to benefit from their own actions. But there's no evidence that Mr. Zanio asked for restitution, agreed to restitution, acquiesced to restitution. And so Mr. Zanio would not be benefiting from that on appeal. And so the restitution issue should be resolved as the state agrees under second prompt plain error.  Thank you. And for all the reasons in the brief, we ask for the court to reverse Mr. Zanio's conviction and any other requests requested in the briefs. Whenever you're ready. Good morning. May it please the court. My name is Margaret Hillman. I am an assistant state's attorney, and I represent the people of the state of Illinois in this matter. To begin, the defendant's disorderly conduct conviction did not deny his due process right to notice of the charge of misconduct. As this court well knows, Illinois courts use the charging instrument approach, which is a two-step approach to determining if an offense is a lesser included offense. And importantly, this is a case-by-case analysis. Under that first. Okay, what we're going to ask you to do is make the defendant much more comfortable for the state to say why was the evidence insufficient to show him guilty of a battery. Well, I cannot speak for the trial court as to why the trial court found that the defendant's conduct did not rise to the level of a battery. But I can say that there is a difference in the battery statute and the disorderly conduct statute. The battery statute calls for the defendant to knowingly make physical conduct of insulting or provoking nature. As opposed to the disorderly conduct statute, which calls for the defendant to knowingly commit any act in such an unreasonable manner. So here the trial court, in finding the defendant not guilty of battery, found that the defendant's action did not rise to insulting and provoking. And instead found that that action was so unreasonable and then found that it alarmed the victim and provoked a breach of the peace. And while the trial court did not give specific reasons for why the trial court found it did not rise to such a level, that is the reason that the court gave. Going back to then the two-step approach, all of the elements of disorderly conduct can be reasonably inferred from the facts contained in the misdemeanor complaint. The complaint clearly described the unreasonable act, which was this defendant touching the breast of the victim in this case. As well as the circumstances surrounding the defendant's conduct. That was that the defendant was a teacher at the grammar school. The victim was a child under 13 years old. Now specifically... Why is that not a battery? The trial court in this instance found that the defendant's conduct did not rise to the level of a battery. Can you sort of speculate what basis there would be for any such decision? Well, the basis would be that there is a difference between the disorderly conduct and the battery statute. The battery statute calls for... They both require knowing that the defendant did it knowingly. That's correct. The defendant knowingly acted knowingly. So that's not the difference you're talking about. Absolutely not. And there doesn't seem to be any issue in this case that the defendant acted knowingly. The defense seems to concede that. So is it the difference between insulting or provoking and alarming or disturbing? Well, the difference would be between the unreasonable act, which would be in this case the defendant touching and pushing the victim, and insulting and provoking. So the court found that it did not reach the level of insulting and provoking. We can all agree there was physical contact in both the disorderly conduct and the battery. In this case, the defense had sought to have the charge reduced. They requested the state reduce the charge to disorderly conduct. The state declined to do that and proceeded to trial on a battery. Doesn't that give you some pause that the trial judge essentially decided to override the state's charging decision and to charge a new crime on his own? Well, because in this case, based on the charging instrument approach, the disorderly conduct can be seen. There is a lesser included of the battery. That is the court's prerogative. But the evidence in the case has to be such, when viewed reasonably, right, that there is an acquittal on the more serious charge. And nobody today, neither side, and I know it's an unusual situation where we're asking the defense to opine on their client's guilt and we're asking you to defend an acquittal. But what do we make of that limitation in the case law before you even get to this? I mean, that's a step in the lesser included. It's a limitation. So the trial court just can't, on its own, reach out, pour through the criminal code, and find some lesser offense that it wants to convict on. It has to be such that the charge that the state brought failed. The evidence failed. Where's the evidence failure? Well, particularly since he denied the motion for directive finding and he found the sole witness in the case to be credible. What are we to do with that? To answer your question regarding the motion for directive finding, there is a different standard at the motion for directive finding stage in a trial than there is at the end of the case. As Your Honor well knows, it is proof beyond a reasonable doubt at the end stage after both sides have rested, as opposed to in the light most favorable to the people. So the judge, in finding that the people did not reach their burden on battery, properly found the defendant guilty of disorderly conduct. Again, the court did not give the specific reason for why the conduct did not reach the level of the battery. However, it is not the point of this court to re-weigh the evidence or substitute its judgment for that of the fact finder. Here, the trial court found that the defendant's conduct did not rise to the level of insulting or provoking, and instead was done in an unreasonable manner. And to also, going to the fairness of the court finding the defendant guilty of a lesser included crime, disorderly conduct. The elements of disorderly are acting in an unreasonable manner, correct? Knowingly, yes. And alarming and disturbing, alarming or disturbing another.  And provoking a breach of the breach. That's correct. So, it still has to, the conduct, in addition to being unreasonable, has to alarm or disturb another. That is correct. But that's different than insult or provoke another. That is different. Okay. And that's what you're resting on, basically, that difference. Absolutely. Well, also, of course, disorderly doesn't require any contact with another person. No, it just requires an act, that's correct. Right. But battery does. There is no question there was contact. There is no question in this case that there was contact. So, again, going back to the fairness of the defendant being found guilty of the disorderly conduct, is he was on notice based on the fact that disorderly conduct could be reasonably inferred from the charging instruments. Specifically, to breach the priest, the defendant's conduct must either threaten or have an effect on the surrounding crowd. Here, putting your hands on a 12-year-old child is inherently threatening. This is not a situation where these are two children fighting. This is the sole authority figure in that class. How do you, is there a distinction between a threat and an action? Because I'm starting to see the threat here. It seems like this, the facts here show conduct, you know, without a threat. I mean, the record seems that this came out of nowhere. Correct. In Piper vs. McLennan, the appellate court found that a breach of the peace does not require verbal threats or profanity or the use of fighting words, but it can be an action. Here, the context… What was the action in McLennan? Was it one action or a series of actions? Well, so it was a series of actions, I suppose, that the defendant was committing. However, there is absolutely no temporal component to disorderly conduct. Nothing in the statute says that it has to go on for a period of time. Instead, this is a case-by-case… I know, but you're trying to derive a threat out of actions as opposed to words, and I'm asking if there is a case that you're aware of or you cited in which the threat is one action, no words. One action only. This is what this is. This is one action, absolutely, but the way this should be looked at is from a contextual point of view. We are talking about a child, a 12-year-old child in the safety of her classroom, requested from the sole authority figure to use the bathroom, and in response for that incredibly reasonable request, she was pushed. And that is the threat. The threat is that this child asked to use the bathroom, and either in annoyance or anger or frustration, this defendant pushed her. And that is threatening. But wouldn't a threat be that you want to use the bathroom? I'm going to push you. That's a threat, right? Well, the court has held that fighting words and verbal threats are not necessary. The defendant doesn't say, I'm going to push you, because he did it. He pushed her. And that is the threat. The pusher, he touched her. He pushed her and he touched her. And so you're saying that physical conduct, physical action can amount to a threat. Absolutely. And what's the best case for that? McLennan. Tell me again what happened in McLennan. What were the facts there? So in McLennan, it was the defendant in that case had been brought into the hospital and had, I believe it was for some sort of substance abuse issues, had been threatening the staff with physical putting his fists up while the staff was trying to treat him. And specifically what was important. Was there any physical contact? I'm sorry? Was there any physical contact between the defendant and the medical staff? That's not what they found based on, the court found based on the defendant's physical action. Showing his fists. Correct. It was based on the defendant's physical actions, not actual conduct, but not words either. And then in McLennan, the. . . So you can have a threat not only by words, but by your body. Or. . . And. . . But. . . But. . . If I'm here. . . It sort of moved beyond that, right? It absolutely did. There was never a threat in the sense of, you know, I'm going to touch you, I'm going to push you. He just did it, according to the record. Well, I think that the context of how this threat took place is important, because it was obvious that the defendant was bothered by this request. And in response, his response was the threat. Now, he also could have made a verbal threat, but in this case he didn't need to, because he pushed her out of the way. And so that is the threat in action here, which was the breach. . . The relationship between the two people. That's what you're really saying. You're saying because it's a teacher and a student, is there another case on breach of the peace where that relationship becomes a threat? In People v. Steger, the history of the tension between the. . . Domestic violence is that a threat? Correct, that's the domestic violence, where there is a history. . . But there are real threats in that case. I mean, there were threats. No. Well, there are real threats in this case as well. A real threat is pushing a 12-year-old child in the safety and sanctity of her classroom. So, yes, again, in People v. Steger it was important, because the defendant's actions were reasonably perceived by that specific victim to be a threat based on the circumstances that they had prior domestic battery issues, and he had just been released. We talk about this threat as I'm listening to you. It sounds like a battery to me. I understand. And the trial court in this case found that it did not rise to that level, and it is not our job at this point to substitute our judgment for the trial court's judgment. But if we were to, what would the standard of review be? I mean, we do not need to take the factual findings of the trial court no matter what, no matter how against the maddicest weight of the evidence they are. We are not bound by that. Would that standard of review be manifest way to the evidence? What would our standard of review be? Manifest way to the evidence. The evidence here is not so improbable, unsatisfactory, or inconclusive that it would create reasonable doubt of the defendant's guilt of disorderly conduct and not guilty of battery. The trial court was reasonable in finding that the defendant's actions did not rise to the level of battery. And again, that's because the action was not insulting or provoking, but yet it was alarming. And what's the other word? Disturbing.  That it alarmed and disturbed. So you're saying that there's case law drawing distinctions between these words, or should we just look at the dictionary? I am not finding any case law specifically finding the difference between alarming and disturbing, but we are alarming and insulting and provoking. However, there was evidence that the victim was alarmed and disturbed. She talked about how she was shocked, her delayed outcry. She came back to the room and did not speak with the defendant any further after this happened. It certainly goes to how she was alarmed and disturbed. And the defendant even concedes that the victim was at least caused temporary alarming and disturbing. And so I think that in this case, because the defendant's act itself is threatening, regardless of verbal threats, and the context that this defendant was the sole authority figure over a child and the imbalance of power, that this child's peace was breached when the defendant performed the unreasonable act. Are there any further questions, or I can move on to restitution? In this case, the defendant waived his right to challenge the court's restitution order because he acquiesced to the restitution. He also failed to file any post-sentencing motions, requesting the trial court to reconsider the restitution. That doesn't matter if it's plain error, correct? It doesn't matter that he didn't file a post-trial motion? If it's plain error, that's correct. And in terms of forfeiture, when you get an order, you have to sign it. That's required. A review of the record in this case makes very clear that the defendant acquiesced and consented to the $500 restitution. The state argued for the defendant to receive conditional discharge, which is a conviction as opposed to supervision. They asked for community service. They asked for anger management. The court… They objected to all that. The defendant made a specific objection to the restitution. Correct. How is that a… It wasn't just that the defendant did not make a specific objection to the restitution. Instead, the defendant vehemently objected to every single condition, saying his age made him unable to do it. He really doesn't need anger management. There were always reasons why he couldn't, and suddenly when the court finally imposes something that this defendant will concede and do along with his supervision, it is the $500 restitution. The defendant made absolutely no objection to the restitution, even though he had made prior objections to every single other condition the court tried to sentence this defendant to. The defendant… The court was clearly practicing some sort of leniency here by not sentencing him to 120 hours of community service in lieu of a conviction when this is an elderly man who said he was unable to complete it. And then, as this court mentioned, the defendant did sign the supervision order. Again, there was absolutely no objection at that time as to the $500 restitution. You're not signing the supervision order. You're required to sign the supervision order. Well, if there was… You're not allowed to not sign the supervision order. You are oppressed if you are ordered by the court to sign the supervision order. You do have to sign it, but there was no objection made to, I'm not signing this because I don't agree to pay the $500. And restitution was warranted in this case. The victim gave a very impassioned and heartfelt impact statement. What do you think would have happened if the defendant didn't sign the supervision order? Well, I think then there would have been an objection on the record that he objects to the restitution instead of him consenting and acquiescing to it. And as I was saying, the victim gave an impassioned victim impact statement about how this impacted her. Even to this day, she does not feel safe in her own school. She does not feel safe around authority figures. There was no evidence she went to therapy, however. I don't believe there was evidence as to the therapy she may have attended or the cost of that therapy. And so in the alternative, if this court does find that the defendant did not acquiesce or consent to the restitution, we would ask to vacate that order and remand for a hearing for the very limited purposes of the amount of restitution due to the victim. So the people asked this court first to affirm the defendant's conviction for disorderly conduct, finding that disorderly conduct was a lesser-included offense of the battery, as well as we asked this court to affirm the $500 restitution order because of the invited doctrine applies. And in the alternative, that the court remand solely for the limited purpose of presenting evidence of the proper amount of restitution. Thank you. A few points on rebuttal. First, the state's entire argument is based on how the power dynamic between a teacher and student allows a court to infer conduct from the charging instrument. However, as your honors pointed out, the state cites no case law for the proposition that a power dynamic alone without additional information between two people can lead to the inference that disorderly conduct has or could have occurred. So it cannot be inferred from the charging instrument. Actually, the charging instrument does not even state that Mr. Zanio was AC's teacher, just a teacher at the school. So the power dynamic cannot alone infer that disorderly conduct had occurred. The state also does not deny that Illinois courts have consistently held that disorderly conduct is established when conduct is persistent, continuous, harassing, and threatening. Both of the cases cited by the state as instrumental here today, People v. McLennan and People v. Stager, both were cases where the acts of the defendant were continuous and harassing. More specifically, People v. Stager showed that there was a history of violence between the defendant and the complainant, and that was not evidence that was presented in this case. We have no information or evidence about the relationship between Mr. Zanio and AC. The state cannot cite to any court in Illinois holding that disorderly conduct is the lesser included of battery. The state cannot cite to any court in Illinois holding that disorderly conduct is proven from a single momentary action, as they were unable to state today, a case to that action. And the state cannot cite to any court in Illinois holding that a breach of the peace is proven from a single momentary action. For this court to find that Mr. Zanio's conduct was disorderly conduct would discredit and subvert the long line of Illinois case law defining disorderly conduct and broaden the scope of an already broad criminal charge. As far as restitution goes, the state cited Mr. Zanio's failure to object to the signing of the supervision order and a restitution. As this court points out, I'm not sure what the alternative would have been in that case. He likely would have been held in contempt of court had he not done that. And this is forfeiture, not plain error, as we've already stated. And the state concedes that it should be resolved under second prong plain error. I want to try this one more time before we adjourn. Is there, you know, if you have a case, let's say it's a hypothetical case, where the state overcharges a defendant. The judge doesn't like it. You know, the defense lawyer is jumping up and down. The state, you know, won't agree to, you know, a lower charge in a plea negotiation. The case goes to trial, and the evidence is overwhelming that the defendant is guilty of that charged offense. And the judge says, you know, I'm going to find him not guilty. I'm going to convict him of something else. Is there a problem there in our justice system? That is improper. The court does not have the ability to act as the state and charge the defendant. Because as my colleague says, it's a separation of powers issue, right? I would agree, yes. The court can't pick and choose what offenses it wants to convict a defendant of. Correct. Right? The defendant's entitled to notice of what he's charged with. I mean, that's fundamental. Correct. That's one of the most fundamental things about our justice system. Especially because there is an additional element in disorderly conduct. The breach of the peace, you would need notice. You would need notice in order to move forward so that you can decide who will testify and what witnesses you will bring based on the charges brought against you. Thank you. Any other questions from the court? For those reasons and all the reasons in the briefs, this court should reverse Mr. Zanio's conviction for disorderly conduct and all the other relief requested in the briefs. Thank you. Okay. Thank you to counsel for both sides for excellent presentations. And that will be taken up during counsel.